# 590

## HARRY JAFFA v ALVENA JAFFA

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Sept. 16, 1929

Frank R. Jaffa, Esq., Cleveland, for Harry Jaffa.

Bernard H. Schulist, Esq., & C. M. Livingston, Esq., both of Cleveland, for Alvena Jaffa.

**VICKERY, PJ.**

The basis of the claim in the petition in error is that, inasmuch as the defendant below, the plaintiff in error here, had no money or property at the time the order for alimony was made, it was ineffectual and void. In other words, that his future earnings could not be taken into consideration in order to make an alimony order.

The plaintiff in error failed to appear in court, and we not do know just what his argument is, but it surely cannot be possible that a man might be earning large sums of money in the way of salary, and even though he did not have any property or money at the time the decree was entered, he would be immune from the legal obligation imposed upon him to support his wife and children, if there were any.

We think the law is well settled that alimony may be allowed to a wife or husband out of the future earnings of the recalcitrant party, and such is the force and effect of the decision of our Supreme Court in the case of **Lape vs. Lape, 99 OS., 143.**

We think this is conclusive of the question involved in the instant case, and the Common Pleas Court did not commit any error, and the judgment below will be affirmed.

Sullivan and Levine, JJ., concur.

## BUEHNER v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided September 16, 1929

L. E. Appleton, Cleveland, for Buehner.
Ray T. Miller, Cleveland, for State.

**SULLIVAN, J.**

There is only one ground of error and that is the claim that the court erred in refusing to grant, at the request of counsel for plaintiff in error, leave for him to leave the court room during the trial temporarily while the testimony relating to his identification and description was in process of being detailed. The motive and object appears to be that the absence of the defendant at the time would have been a test of the ability of the witness to describe and identify the defendant. A cross-examination, had the request been allowed, would have followed along this line and plaintiff in error, through counsel, claims that he was injured in his rights by not being allowed this basis and foundation for a cross-examination upon this question of identity. The court refused the request and error is based upon this refusal. This was a matter which was purely within the discretion of the court and we find nothing in the record which shows an abuse of discretion and that being so the judgment will stand and it is hereby affirmed.

Vickery, PJ, and Levine, J, concur.